IN THE SUPREME COURT OF THE STATE OF DELAWARE

JASON KOKINDA, §
§ No. 266, 2016
Defendant Below, §
Appellant, § Court Below–Superior Court of the
§ State of Delaware
v. §
§ C.A. No. N16M-03-197
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: August 30, 2016
Decided: November 17, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 17th day of November 2016, it appears to the Court that:

(1) In the Superior Court, the appellee, State of Delaware, filed a motion to designate the appellant, Jason Kokinda, as a Tier II sex offender (hereinafter "motion to designate").[1] A hearing was held before a Superior Court commissioner. Kokinda appeared at the hearing and filed a written opposition to the motion to designate. By order dated April 25, 2016 and docketed on April 27, the Commissioner granted the motion to designate.

---

[1] 11 *Del. C.* § 4121(n) (Supp. 2016).

(2)     On May 4, 2016, Kokinda filed a "motion to alter/amend/or suspend judgment" seeking review of the April 27 order.  The Commissioner denied the "motion to alter/amend/or suspend judgment" on May 9, 2016.

(3)     Kokinda filed a notice of appeal.  Upon receipt of the appeal, the Clerk issued a notice directing Kokinda to show cause why the appeal should not be dismissed for this Court's lack of jurisdiction to consider an appeal directly from a Commissioner's order.

(4)     In response to the notice to show cause, Kokinda asks the Court to "consider the appeal despite any technical defects or irregularities in procedures." Kokinda explains that he did not realize that the April 25 hearing was held before a commissioner and not a judge.  Also, Kokinda contends that the "motion to alter/amend/or suspend judgment," which sought review of the April 27 order, should have been ruled on by a judge and not by the Commissioner who issued the order.

(5)     In the absence of intermediate review by a Superior Court judge, this Court has no jurisdiction to hear an appeal directly from a Superior Court commissioner's order.[2]  Accordingly, this appeal must be dismissed.

(6)     Having reviewed the record, including the transcript of the April 25 hearing, the Court concludes that Kokinda should be permitted ten days from the

---

[2] *Kostyshyn v. City of Wilmington*, 2006 WL 2771733 (Del. Sept. 25, 2006) (citing Del. Const. art. IV, § 11(1)(a)).

date of this Order to file written objections to the Commissioner's April 27 order.[3]

Upon the expiration of the ten-day period, the Superior Court should conduct the

required *de novo* review and issue a final order in the case.[4]  Kokinda may then file

a notice of appeal from the Superior Court's final order.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b),

that the appeal is DISMISSED.  The matter is REMANDED to the Superior Court

for further proceedings consistent with this Order.  Jurisdiction is not retained.  The

mandate shall issue forthwith.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[3] Del. Super. Ct. Civ. R. 132.
[4] *Id.*